CHARLENE JACKSON *v.* STATE OF INDIANA.

[No. 377S226. Filed January 20, 1978.]

*Woodrow S. Nasser, Esquire,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles D. Rodgers,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was tried and convicted of second degree murder. She received a sentence of 15 to 25 years' imprisonment.

On the evening of August 17, 1975, appellant Jackson, the decedent Robert Stone, and one, John Richardson, were drinking in Terre Haute, Indiana. During a time when appellant was driving an automobile with Stone seated beside her, Stone began slapping and choking appellant, whereupon she stopped the car and Stone and Richardson got out. Richardson left but the altercation between appellant and Stone continued, with appellant chasing Stone around the car, firing three or four shots from a pistol at him. Stone was struck and killed.

Appellant claims the trial court erred in failing to grant her motion for a directed verdict following the presentation of the prosecution's case in chief. The rule in Indiana is that a defendant, by introducing evidence after an overruling of a motion for a directed verdict, thereby waives any error in the overruling of such motion. *Parker* v. *State,* (1976) 265 Ind. 595, 358 N.E.2d 110; *Murphy* v. *State,* (1976) 265 Ind. 116, 352 N.E.2d 479. Appellant did offer evidence on her behalf; therefore there is no error preserved on the court's ruling on the motion for directed verdict.

Appellant next claims there was no evidence to support the finding that she maliciously and purposely killed Robert Stone.

Purpose and malice may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Booth* v. *State,* (1976) 265 Ind. 184, 352 N.E.2d 726; *Kriete* v. *State,* (1975) 263 Ind. 381, 332 N.E.2d 209. From the facts in this case the jury could reasonably have inferred that appellant maliciously and purposely killed Robert Stone.

Appellant also claims the jury erred in rejecting her claim of self-defense. The law of self-defense is set forth in *King* v. *State,* (1968) 249 Ind. 699, 234 N.E.2d 465. In order to establish self-defense it must be shown that the defendant acted without fault; that he had a right to be where he was; and that he feared or actually was in real danger of death or great bodily harm. Once self-defense is pleaded the State is required to prove the absence of self-defense. *Nelson* v. *State,* (1972) 259 Ind. 339, 287 N.E.2d 336. In the case at bar the evidence does show that Stone slapped and choked the appellant while they were still in the automobile. However when the parties left the automobile Stone was actually attempting to flee from the appellant as she chased him around the car firing the gun at him. Under these circumstances the jury was justified in finding that there was no self-defense and that the appellant had become the aggressor in the altercation. *White* v. *State,* (1968) 251 Ind. 100, 239 N.E.2d 577.

Appellant claims the trial court erred in refusing to give her offered instruction on self-defense. An instruction may be refused if the subject was adequately covered by other instructions given by the court. *Timm* v. *State,* (1976) 265 Ind. 537, 356 N.E.2d 222. Appellant's offered instruction No. 13 stated that if the jury found that if defendant reasonably believed that she was in danger when in reality she was not, the jury may nevertheless find her not guilty on grounds of self-defense. The State's instruction

No. 7, which was given by the court, stated that a danger which exists only in appearance is as real and imminent to the defendant as if it were actual and in such case the jury was empowered to find her not guilty by reason of self-defense. It is therefore clear that the subject of appellant's refused instruction was adequately covered by State's instruction No. 7. The trial court did not err in refusing to give appellant's tendered instruction No. 13.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 371 N.E.2d 698.