PHILLIP R. MARTIN *v.* STATE OF INDIANA.

[No. 877S557. Filed February 10, 1978.]

Messrs. *Peyton & Giddings,* of Lebanon, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of murder in the second degree. He was sentenced to 15 to 25 years.

Appellant first claims the trial court erred in overruling his motion to suppress a statement made by him to police officers. Three days after appellant's five and one-half month old daughter died, two police officers went to his parents' home and asked to talk to appellant. Appellant accompanied them to the Zionsville police station. There his constitutional

rights were read to him. Appellant himself read and signed the waiver form. In the questioning that followed appellant admitted striking his baby daughter. The session was not recorded and the officers therefore testified at trial as to his statements. Appellant's motion to suppress was on the ground that he was emotionally distraught and fatigued; that the police officers threatened him with being jailed and that therefore he told the police officers what they wanted to hear.

· The trial court conducted a hearing pursuant to the motion and on the basis of the evidence found the statement made by appellant was freely and voluntarily given and ruled that it was admissible. This Court has held that in determining the voluntariness of a waiver of rights, the test is whether ". . . looking at all the circumstances, the confession was free and voluntary and not induced by any violence, threats, promises, or other improper influences." *Nacoff* v. *State*, (1971) 256 Ind. 97, 101, 267 N.E.2d 165, 167. This question is to be decided by the trial court, and when the evidence of voluntariness is conflicting, this Court will not reverse the trial court so long as there is sufficient evidence of probative value to support the ruling. *Lane* v. *State*, (1977) 266 Ind. 485, 364 N.E.2d 756; *French* v. *State*, (1977) 266 Ind. 276, 362 N.E.2d 834.

Although appellant argues that he was emotionally distraught at the time, the record shows that the questioning took place three days after the death of the daughter. There is nothing in the record to show any unusual situation which would nullify appellant's statements. Furthermore, the record shows that on the same day the child died appellant was questioned by police officers. That recorded statement was played to the jury. Appellant was fully advised of his constitutional rights before consenting to the questioning and does not now argue that this statement was involuntary. We find the trial judge did not err in holding that the statements of the appellant should be submitted in evidence.

Appellant next claims the trial court erred in overruling his motion in limine, thereby permitting evidence of alleged acts of child abuse by appellant in the prior five months to be introduced to show premeditation and malice. The trial court relied on *Corbin* v. *State,* (1968) 250 Ind. 147, 234 N.E.2d 261. In that case, at page 151, Justice Arterburn stated:

"The defendant contends that the court erred in admitting evidence that a few months prior he had been convicted of excessively beating this same child and another child. In answer to his contention that there is no evidence of malice, these prior acts of assault go to prove such mental condition. Courts have held unanimously that prior threats and acts of beating or assault upon an individual may be considered by a jury in determining not only malice, but also premeditation."

We, therefore, hold the trial court did not err in overruling appellant's motion in limine.

Appellant contends the evidence is insufficient to support a jury finding of second degree murder, in that there is no evidence that he purposely and maliciously killed the child. The record shows that in the early morning hours of October 9, 1976, appellant took his 5½ month old daughter in his car to look for his wife and cousin who had gone to get something to eat. He finally found them and seemingly became angry because they had not returned immediately. He then drove off and did not return. Later on, his car ran off a country road. When he regained consciousness as daylight came, he found his daughter dead on the floorboard of the automobile. The theory of the case was that the accident was staged as a coverup for the murder of the baby. This was supported by the testimony of the pathologist who performed the autopsy. He testified that the baby's death could not have been caused by the accident, but that she died from blows by a blunt object such as a fist while on a firm, but not necessarily hard, surface. In examining the bruises and marks on the child's skull, he found that it would have taken more than one blow to the head to accom-

plish the injury. From this evidence, the jury was justified in finding that appellant had in fact killed his daughter.

As to malice and purpose, both elements may be inferred from the circumstances and the nature of the attack upon the victim. *Dozier* v. *State*, (1976) 264 Ind. 329, 343 N.E.2d 783; *Chatman* v. *State*, (1975) 263 Ind. 531, 334 N.E.2d 673. As the Court stated in *Wahl* v. *State*, (1951) 229 Ind. 521, 530, 98 N.E.2d 671, 675. ". . . [m]alice may be inferred from any deliberate or cruel act by one person against another." The circumstances under which the jury was entitled to believe the child died are sufficient from which the jury could infer malice and purpose in that the admitted act of the appellant in striking his child was seen by the jury as a deliberate act of cruelty, calculated to cause great bodily harm. We hold there is ample evidence in this record to support the verdict of the jury.

The judgment of the trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 372 N.E.2d 181.