**Russell McNEELY, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 1–379A80.**

Court of Appeals of Indiana,
First District.

June 28, 1979.
Rehearing Denied July 31, 1979.

Arthur Griffith, Evansville, for appellant (defendant below).

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

ROBERTSON, Judge.

Defendant-appellant Russell McNeely's appeal of his conviction of child stealing (*Ind. Code* 35–1–55–2)[1] after a trial before the Vanderburgh Circuit Court presents essentially two issues: (1) whether IC 35–1–

---

1. Whoever takes, leads, carries, decoys or entices away a child under age of fourteen (14) years, with intent unlawfully to detain or conceal such child from its parents, guardian or other person having the lawful charge or custody of such child, and whoever, with the intent aforesaid, knowingly harbors or conceals any such child so led, taken, carried, decoyed or enticed away, on conviction, shall be fined not less than fifty dollars ($50.00), nor more than one thousand dollars ($1,000.00), and be imprisoned in the state prison not less than two (2) years nor more than fourteen (14) years.

The subject matter of this repealed section is presently covered by IC 35–42–3–3, *Criminal Confinement*, which provides:

 (a) A person who knowingly or intentionally:
 (1) confines another person without his consent;
 (2) removes another person, by fraud, enticement, force, or threat of force, from one place to another; or
 (3) removes another person, who is under eighteen (18) years of age, to a place outside Indiana when the removal violates a child custody order of a court;
commits criminal confinement, a Class D felony. However, the offense is a Class C felony if the child is not his child, and a Class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person.

 (b) With respect to the violation of subdivision (a)(3) of this section, it may be considered as a mitigating circumstance if the accused person returned the other person to the custodial parent within seven (7) days of the removal. As amended *by Acts 1979, H.1461, SEC. 1.*

55–2 or the information under which McNeely was charged is unconstitutionally vague; and, (2) the sufficiency of the evidence.

We affirm.

The record shows that McNeely took custody of his two-year old son, Elvis, on Friday, July 22, 1977, pursuant to a dissolution decree and subsequent modification order. The order provided that McNeely was to have custody of Elvis for two weeks during the summer and custody from 5 p. m. Friday to 5 p. m. Sunday on each weekend of every month except the first full weekend of each month when custody would extend from 10 a. m. Sunday to 5 p. m. Sunday. On July 24, 1977, McNeely's ex-wife, Tina D. Kanzler, who was hospitalized with child, consented to McNeely taking his second week of custody over Elvis, provided that McNeely call Tina each day. McNeely made the calls until Tina's release from the hospital on July 27, 1977. Communication apparently then broke down.

On July 30, 1977, following a break-up with one Edith Franks, with whom he had been living, McNeely decided to take his furniture to his father's home in Punta Gorda, Florida. McNeely took Elvis to said home, and there McNeely decided to stay. Following her release from the hospital, Tina attempted to contact McNeely and to find her son. Tina on August 16, 1977, then swore to the information herein charging McNeely with child stealing. Tina next saw little Elvis months later on June 27, 1978, in the intensive care ward of a Florida children's hospital.

 Turning to the issues, we think we have gleaned from McNeely's argument the essence of his contentions regarding issue (1). First, McNeely asserts that,

**2. INFORMATION FOR CHILD STEALING**
STATE OF INDIANA, VANDERBURGH COUNTY, SS:

TINA D. KANZLER

being duly sworn upon his oath says that Russell McNeely on or about the 31st day of July A.D., 1977, at said County and State as affiant verily believes: did then and there unlawfully and feloniously take, lead, carry, decoy and

To charge a parent under this statute would be unconstitutional as in violation of Article 1, § 13 of the Indiana Constitution since the cause and nature of the action is not charged in direct and unmistakable terms. This Statute as applied to the defendant in this case is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.

McNeely also avers:

The statute IC 35–1–55–2 is unconstitutional as being vague in that if it applies to a parent, it subjects that parent to the vagaries of the order of the Court in a custody situation. To base a felony charge on the changeable ruling of a divorce Court deprives a person of his liberty without due process of the law.

Confident that this constitutes a vagueness attack on IC 35–1–55–2, we must disagree with McNeely. Mindful of the maxim that "[a] statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it to adequately inform them of the conduct to be proscribed," *Platt v. State*, (1976) Ind.App., 341 N.E.2d 219, 221, we are convinced that any ordinarily intelligent parent having not lawful charge or custody of one's child who takes, leads, carries, decoys or entices such child with the intent to detain or conceal said child from the law-endowed custodial parent, knows that he is committing a crime, that is, stealing a child. Indeed, we cannot reasonably assume that the legislature would exempt a transgressing parent from what otherwise would constitute an act of child stealing by any other person. With respect to the application of the statute to McNeely, our sustenance of the statute also resolves McNeely's challenge to the information—an information which employs, essentially, the statutory language.[2]

entice away Elvis McNeely, a child of the age of two (2) years, with the intent unlawfully to detain and conceal said child from Tina D. Kanzler, the Mother of the said Elvis McNeely and the person having lawful custody of the said Elvis McNeely, the said Russell McNeely knowingly harboring and concealing said Elvis McNeely, in violation of IC 35–1–55–2. Then and there being contrary to the form of the

McNeely's remaining contentions are subsumed under the umbrella of a sufficiency of the evidence challenge. When sufficiency is raised, an appellate court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom; if that evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed. *Baum v. State*, (1976) Ind., 345 N.E.2d 831. To sustain a conviction under IC 35–1–55–2 (then Burns § 10–2902), according to the Supreme Court in *Drury v. State*, (1970) 253 Ind. 392, 254 N.E.2d 335, it is necessary to establish that the accused either took, led, carried, decoyed or enticed away a child under the age of 14 from the child's parents with the intent to detain or conceal said child.

In maintaining that he did not take some "positive act" as *Drury* requires by his reading, McNeely reiterates that he *"is"* the child's parent and that fact distinguishes his position from that of the defendant in *Drury*. Inasmuch as we have already decided that IC 35–1–55–2 applies to a transgressing parent, we can test McNeely's conduct by the *Drury* standard.

It is undisputed that McNeely took his furniture and Elvis to Florida on July 30, 1977, when McNeely knew, through agreement with the mother, that Elvis was expected home on July 31, 1977, by his mother. McNeely and Elvis remained in Florida; McNeely had no communication with the mother regarding Elvis's whereabouts for almost a year after McNeely's move from Indiana. Clearly, McNeely's conduct was such that he either took, led, or carried away Elvis from the lawful custodial parent with the intent [3] to detain or conceal Elvis.

McNeely's conviction of child stealing is, in all respects, affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana.

3. McNeely somewhat speciously argues that when he left Indiana, he had legal custody and that any intent not to return Elvis was formed in Florida; he contends, thus, that venue in Indiana was improper. However, the following factors, as submitted by the State, are circumstantial evidence relating to the consummation of the criminal act in Indiana: (1) McNeely began moving out of Edith Franks's home on July 24, 1977, at which time McNeely had possession of Elvis; (2) that McNeely knew that Tina had been released from the hospital on July 27, 1977, but he failed to return the child on the 27th, 28th, or 29th; and, (3) McNeely took his furniture and Elvis to Florida on July 30, 1977, when McNeely knew Tina expected Elvis home on July 31, 1977. In addition, McNeely's testimony that he had decided not to return to Indiana while in Florida on August 1, 1977, was a credibility matter to be resolved by the fact-finder.