**Thomas A. JOHNSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1279S361.

Supreme Court of Indiana.

Sept. 24, 1980.

Charles H. Graddick, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Thomas A. Johnson, was convicted by a jury of murder, Ind.Code § 35–42–1–1 (Burns 1979 Repl.), and was sentenced to thirty years' imprisonment. He now appeals raising the following issues:

1. Whether the evidence was sufficient to show the absence of self–defense; and

2. Whether the evidence was sufficient to support the conviction.

A summary of the facts from the record most favorable to the state shows that defendant and his brother Gerald Johnson, the victim, were at their father's house with a number of friends in the early morning hours of February 10, 1979. The group was gathered in the living room and most of those present were drinking beer. During the course of general conversation, the subject of life after death was brought up. Defendant and his brother started arguing about religion and the Bible, and defendant stated that he did not believe in God but his brother stated that he did believe in Him. At some point during the argument, defendant said he was going to kill Gerald's pet cat and Gerald became extremely angry. Then defendant said he was only joking.

The two brothers continued to argue about religion and defendant made an insulting remark about the mother of one of Gerald's friends. Finally the two started yelling at each other to "come on." At this point, defendant ran into the kitchen and returned carrying a knife and fork in his hand. He threw the knife at Gerald, who ducked, and the knife broke a picture window. Gerald started to swing at defendant and defendant poked his arm with the fork several times.

Richard Fraker, a friend of the brothers, took the fork away from defendant and told the brothers to sit down and cool off. Defendant responded that "everything was cool" but Gerald continued to argue. Finally, Gerald jumped up and went to one of the bedrooms at the rear of the house. Defendant also ran to the rear of the house but to a different room. Gerald returned to the living room with a gun and asked, "Where did he go?" Fraker purposely told him that defendant had gone outside in order to keep them apart and Gerald went out through the back door, yelling, "I'm going to kill you." Two girls who were present followed Gerald outside and convinced him to just talk it out and give them the gun. One of the girls put the gun back in a bedroom and Gerald walked back into the living room and sat down.

At that point, defendant came out of one of the back rooms with a rifle. He said "Come on" in an angry voice and when Gerald stood up, defendant shot him and kept firing until the cartridges were gone. Defendant testified that he saw that Gerald was not armed and that Gerald did not lunge toward him. Defendant was ten to fifteen feet from Gerald when he shot him.

Testimony revealed that a week prior to this incident Gerald and defendant got into a fist fight and defendant was beaten on the side of the head until someone intervened and stopped the fight. Defendant then drew a gun on Gerald and Gerald ran out of the house. The boys' father put Gerald out of the house for beating defendant, but Gerald returned later that night and was allowed to stay. Defendant was younger and smaller than his brother. When police arrived after the shooting, defendant explained that he and his brother had argued about God, and that he had shot him because his brother "came at him with another rifle."

## I.

Defendant first contends that the evidence was insufficient to negate his claim of self–defense. It is well settled in Indiana that to prevail on a claim of self–defense defendant must have been in a place where he had a right to be, acted without fault and acted in reasonable fear or apprehension of death or great bodily harm. *Loyd v. State*, (1980), Ind., 398 N.E.2d 1260; *Berry v. State*, (1978) 268 Ind. 432, 376 N.E.2d 808. A defendant claiming the justification of self–defense need only raise the issue so that a reasonable doubt exists. The state is then required to prove, beyond a reasonable doubt, the absence of one or more of the necessary elements. *White v. State*, (1976) 265 Ind. 32, 349 N.E.2d 156; *Johnson v. State*, (1971) 256 Ind. 579, 271 N.E.2d 123.

Upon a review for sufficient evidence, this Court will neither reweigh the evidence nor judge the credibility of witnesses. *Wofford v. State*, (1979) Ind., 394 N.E.2d 100. Rather, we will look only to that

evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509.

 Here, there was sufficient evidence from which the jury could find, beyond a reasonable doubt, that defendant did not act in reasonable fear or apprehension of death or great bodily harm. The evidence revealed that both defendant and his brother were rightfully in their father's house but that each of them had been an aggressor toward the other at some point during their argument. The evidence is uncontradicted that at the time of the shooting, defendant was fully aware that his brother was unarmed and was at a distance of ten or fifteen feet. Testimony further showed that just prior to the shooting, defendant yelled "Come on" to his brother in an angry voice and that his brother stood up but did not lunge toward defendant before the shots were fired. This was sufficient evidence to negate the claim of self–defense.

## II.

Defendant further contends that there was not sufficient evidence to support the conviction of murder since the evidence showed that defendant was acting under sudden heat which would reduce the murder to voluntary manslaughter. We have held that while killing in the sudden heat of passion is the element which distinguishes voluntary manslaughter from murder, there must be sufficient provocation to engender such passion. *Dickens v. State*, (1973) 260 Ind. 284, 295 N.E.2d 613. Ind.Code § 35–42–1–3 (Burns 1979 Repl.). *Hutchinson v. State*, (1967) 248 Ind. 226, 225 N.E.2d 828. Anger, rage, sudden resentment, or terror may be sufficient to obscure the reason of an ordinary man and to render him incapable of cool reflection. *Dickens v. State, supra.* However, it is clear that we must look at the circumstances surrounding the killing and the method of killing in order to establish the state of mind of a defendant.

*Blood v. State*, (1980) Ind., 398 N.E.2d 671; *McKinstry v. State*, (1975) 264 Ind. 29, 338 N.E.2d 636.

In the instant case, there is evidence of an argument and anger on the part of both brothers. However, defendant played a large part in continuing the argument and provoking his brother by threatening to kill his cat, throwing a knife at him, and poking his arm with a fork. The evidence is uncontradicted that at the time of the shooting defendant was fully aware that his brother was unarmed, was several feet away from him, and other people were present who could restrain his brother. Finally, defendant fired several shots, in fact, kept firing seven times until the cartridges in the gun were all gone. This was sufficient evidence from which the jury could find there was no sudden heat of passion and that defendant knowingly and intentionally killed Gerald Johnson.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.