John E. MOORE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 180S17.

Supreme Court of Indiana.

Jan. 8, 1981.

Christopher C. Zoeller, Peters, Carter & Zoeller, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, John E. Moore, was convicted by a jury of second–degree murder, Ind.Code § 35–1–54–1 (Burns 1975) and was sentenced to life imprisonment. His direct appeal raises the following issues:

1. Whether the trial court erred in admitting evidence of a prior assault by defendant upon the victim;

2. Whether the trial court erred in admitting a photograph of the victim into evidence;

3. Whether the trial court erred in refusing to give two of defendant's tendered instructions on self–defense; and

4. Whether the verdict of the jury is sustained by sufficient evidence.

A summary of the facts from the record most favorable to the state shows that defendant was separated from his wife, Glenda Rice Moore. Mrs. Moore was living at the home of her mother, Odessa Rice. On January 27, 1977, an Indianapolis police officer was directed to Mrs. Rice's address by a radio report of a man with a knife. The officer, Terry Boyer, testified that he saw defendant holding a knife to his estranged wife's throat and then saw him beating her with his fists. Boyer was finally able to stop defendant and handcuff him.

About two months later, on March 14, 1977, defendant came to Mrs. Rice's home. He attempted to talk to Glenda Moore when she came out of the house and crossed the street to get into a car. Moore said that there was nothing to talk about. Mrs. Rice was on the porch and saw defendant pull a gun and fire at his wife. Moore put her hand up to her face and exclaimed, "Oh, John. You shot me!" She threw down her purse and keys and ran down an alley. Defendant ran after her and fired more shots at her.

When police arrived, they found a group of people gathered in the alley and defendant's wife lying on the ground dead. An autopsy disclosed that she had been hit by two gunshots. One wound was across the bridge of the nose and right side of the face. A second shot, which was the cause of death, had penetrated the left side of her body, going entirely through the heart and right lung.

I.

Defendant first contends that it was erroneous to admit into evidence the testimony of Officer Boyer concerning the prior assault by defendant on the victim. Defendant had filed a motion in limine concerning this testimony prior to trial; however, the motion was denied. Defendant renewed his objection when the testimony was introduced at trial.

It is clear that evidence of prior threats and acts of beating or assault upon the same victim is admissible in a murder trial as proof of malice and intent to kill. *Martin v. State*, (1978) 267 Ind. 583, 372 N.E.2d 181; *Greer v. State*, (1969) 252 Ind. 20, 245 N.E.2d 158; *Corbin v. State*, (1968) 250 Ind. 147, 234 N.E.2d 261. There was no error in admitting the evidence of the prior assault for this purpose. Defendant also argues that one part of the officer's testimony about the prior assault was inadmissible hearsay. The officer testified that as he approached the building where he could observe defendant attacking the victim, defendant shouted, "Don't come in, pig." We find no error here since evidence about the entire prior assault including defendant's actions and remarks at that time, was admissible as proof of malice and intent to kill.

II.

The defendant next contends that it was error to admit into evidence a photograph of the upper part of the nude body of

the victim. It is well settled that photographs are admissible when testimony concerning that which they depict would be proper. Autopsy photographs that are illustrative of a witness's testimony and tend to prove the cause of death are admissible. *Grooms v. State*, (1978) 269 Ind. 212, 379 N.E.2d 458; *Tinsley v. State*, (1977) 265 Ind. 642, 358 N.E.2d 743.

In the instant case, the pathologist testified about the path of the bullet through decedent's heart and lung, causing death. The witness referred to the photograph which was illustrative of his testimony and was not unnecessarily gruesome. The photograph was also identified by the mother of the victim as that of the body of her daughter, Glenda Rice Moore. Thus, since the photograph was not unnecessarily gruesome, was relevant and material, and was illustrative of a witness's testimony, there was no error in its admission.

### III.

Defendant argues that it was error for the trial court to refuse to give two of his tendered instructions covering the issue of self–defense. We find no merit to this contention since the court gave its own instruction covering this issue in the following words:

"A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony."

This instruction correctly covers all the essential elements of defendant's tendered instruction No. 1.

Defendant's tendered instruction No. 2 again covered the elements of self–defense but also included a statement that the state had to establish beyond a reasonable doubt the absence of self–defense. We find no error in the refusal of this instruction, since there is no precedent in Indiana which requires such an instruction. It is true that once self–defense is pleaded, the state is required to prove the absence of self–defense, but this burden may be satisfied by reliance upon the state's evidence in chief. *Johnson v. State*, (1980) Ind., 409 N.E.2d 621; *Williams v. State*, (1978) 269 Ind. 265, 379 N.E.2d 981; *Harris v. State*, (1978) 269 Ind. 672, 382 N.E.2d 913. In this case, the jury was correctly instructed on the state's burden to prove all the elements of the crime charged beyond a reasonable doubt. Another instruction dealing only with the burden of proof as to self–defense was unnecessary. *Montague v. State*, (1977) 266 Ind. 51, 360 N.E.2d 181; *Woods v. State*, (1974) 162 Ind.App. 316, 319 N.E.2d 688. We find no error in the refusal of defendant's instructions.

### IV.

Defendant finally contends that the verdict is not supported by sufficient evidence. He testified in his own defense that he was afraid of his wife because she always carried a gun. He testified that he shot at his wife in order to scare her and not to kill her. He further testified that a third person was in the alley behind him and fired the fatal shot. This testimony was contradicted by the victim's mother who testified that she did not see any gun in her daughter's hands. She testified that her daughter:

"threw her pocketbook and her keys down and she started runnin' and he started runnin' behind her, still steady shootin' at her. And she said, 'Oh don't kill me. Don't kill me, John! You've already shot me, but please don't kill me.' And he just steady, steady shootin'."

Another witness testified that he did see a third person in the alley but did not see another gun.

It is well settled that the resolution of any conflict in the evidence is for the jury. As a court of review, we will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we will look only to that evidence most favorable to the state

and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Wofford v. State,* (1979) Ind., 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509. In this case, there was ample substantive evidence to support the jury's verdict that defendant intentionally shot and killed his estranged wife.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The accused testified that he shot his wife in self–defense. A defense witness testified that the wife always carried a gun in her purse and had twice pulled it on appellant. A second defense witness testified that the victim's mother had a gun at the scene. This proof of self–defense was not without weakness, but nevertheless in a homicide prosecution it was sufficient to raise the defense of self–defense. The trial judge and the parties agree that the defense was raised. When the defense of self–defense is raised the burden is on the prosecution to negate it. *Williams v. State,* (1978) 269 Ind. 265, 379 N.E.2d 981; *White v. State,* (1976) 265 Ind. 32, 349 N.E.2d 156; *Johnson v. State,* (1971) 256 Ind. 579, 271 N.E.2d 123. This burden is added to the existing burden of the prosecution to prove the elements of the offense. It requires the prosecution to convince the trier of fact to a certainty beyond a reasonable doubt, not only that the accused purposely or intentionally killed another human being, but in addition that he was not justified in doing so. The very essence of a trial in which self–defense is an issue, is the resolution of that issue by the trier of fact. The accused has a right to that, and as an appellate judge I want to know that he got it, and in a proper manner. A guilty verdict, because of its generality, does not provide assurance that the issue was resolved. Such assurance must come in jury situations from the jury instructions. The instructions given by the court in this instance do not provide that assurance, and I would, therefore, not permit the verdict to stand. Here, the jury was instructed that the State had the burden of proving the defendant guilty and was given an instruction defining the elements of self–defense. In the absence of an instruction fully and fairly informing the jury that a guilty verdict is inappropriate unless it is convinced that the defendant was not justified in killing, one cannot infer that the verdict of guilty carried with it a determination of the jury that the defendant was not justified in that act. If, as the majority concludes, there is no precedent requiring such an instruction, I would create one in this case.