Thomas Lee **GOODRICH,** Appellant,

v.

**STATE of Indiana,** Appellee.

No. 880S227.

Supreme Court of Indiana.

Oct. 28, 1981.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Thomas Lee Goodrich, appeals from his conviction of murder, Ind.Code § 35–42–1–1(2), and confinement, Ind.Code § 35–42–3–3, for which he received sentences of fifty years and five years. He raises three questions on appeal.

First, appellant urges that there was insufficient evidence of the cause of death of the victim, Lyona Mason. The murder charge was that appellant killed the victim by forcing her face against an object resulting in traumatic asphyxia while compelling her by force to submit to an act of sexual gratification involving his sexual organ and her anus. Second, appellant urges that there was insufficient evidence of an unlawful confinement of an eight year old boy, John Nelson. The confinement charge was that appellant held the victim by tying and binding him and refusing to allow him to leave the living area of an apartment in which he resided with Lyona Mason.

In determining these sufficiency questions we do not weigh the evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdicts. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890.

The victim Mason was a sixty-eight year old woman, residing with her blind mother, and raising John Nelson, an eight year old boy, while working as a manager of an apartment building. The State's witness Acree testified that he saw appellant in the apartment house in the early morning hours of December 23, 1978, wearing a "brown flop hat". He identified State's Exhibit 21 as the hat worn by appellant at that time. The victim John Nelson testified that in the early hours of December 23, 1978, he admitted appellant to their apartment, that he played a game with appellant in which appellant tied him up and put a blindfold on him, and placed him on the floor of the living room. He then heard the victim Mason scream "Get up off me", and appellant reply "shut up, I'll break your neck". He then attempted to do something, but could not because he was tied. He then heard Mason scream "help", and appellant leave through the door to the hallway.

The boy managed to get himself untied and called the police. The body of Mason was discovered face down on the floor. Exhibit 21, the hat, was found on the couch in the room, and it was also identified by the boy as being worn by appellant. The pathologist who performed an autopsy upon the body of Mason testified that there was semen on the back of her thighs, and in her anus. Her face and eyes showed contusions. He testified further that Mason died from pressure forcing her face into the floor with such force that she suffered brain damage and asphyxiation.

█ The evidence was such that the trier of fact could reasonably infer to a certainty beyond a reasonable doubt that appellant applied such crushing force to the head of the victim during a sexual assault upon her that severe brain damage and asphyxiation was caused and that she died as a result thereof. The evidence regarding the cause of death was ample and sufficient.

Confinement as defined at the time of this offense was:

"A person who knowingly or intentionally confines another person without his consent ... commits criminal confinement...."

Appellant contends that the uncontradicted evidence of the boy victim John Nelson that he was tied up as part of a game which he was playing and had played with appellant before, that he never asked to be untied, and later untied himself, demonstrates that no confinement took place.

 The elements of nonconsensual confinement are (1) knowingly or intentionally; (2) confining another person; (3) without his consent. *Addis v. State,* (1980) Ind.App., 404 N.E.2d 59. The evidence is that when the boy was first tied up and blindfolded he was confined; however, no crime had occurred because the confinement was with consent. The consent was part of the game and was reasonably to be regarded as limited by the understanding that appellant would release him if he was unable to extricate himself. Cf. *Daniels v. State,* (1980) Ind., 408 N.E.2d 1244. When appellant abandoned the game and attacked Mrs. Mason and then left the apartment, leaving the boy tied up on the floor, an intentional confinement of the boy without his consent occurred. The evidence was sufficient to warrant the guilty determination on the confinement count.

 Lastly, appellant contends that the trial court erred in permitting the State to introduce its Exhibit No. 9, a photograph depicting the victim Mason lying in the position and condition in which she was found on the floor of the apartment, face down. This photograph is relevant evidence of the cause of death and the nature and location of the attack. It does not have the inflammatory and misleading quality of posed photographs or those displaying the body during and after autopsy examination. It was properly admitted.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.