In the Matter of Lisa F. BRIDGES (Shattuck), a Child Alleged To Be a Delinquent Child.

**Lisa F. BRIDGES (Shattuck), Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 1–784A175.

Court of Appeals of Indiana, First District.

Feb. 18, 1985.

Chris D. Monroe, Jurgemeyer, Voelz & Monroe, A Professional Corp., Columbus, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

### STATEMENT OF THE CASE

Lisa F. Bridges (Lisa) appeals from a judgment of the Bartholomew Circuit Court finding her to be a delinquent child under Indiana Code section 31–6–4–1 (Burns Supp.1984). We affirm.

### FACTS

Lisa gave birth to Randall D. Bridges (Randy) on April 3, 1983. Shortly thereafter, Betty A. Shattuck (Betty), Lisa's step-sister, and Virginia Shattuck (Virginia), Lisa's mother, apparently persuaded Lisa to give Betty legal custody of Randy. All parties agree that a court order to that effect was entered. However, no such document was introduced into evidence during these proceedings.

On February 7, 1984, Betty left Randy with Virginia for a few hours. During this time, Virginia had to leave the house. She did not take Randy with her. Instead, she left him in the house along with her sister, Gail Bridges, and Lisa. When Virginia returned a few minutes later, Lisa and Randy were gone. She immediately summoned the police who eventually found Lisa and Randy at the home of one of Lisa's friends.

The Bartholomew County Prosecuting Attorney filed a Petition Alleging Delinquency on February 10, 1984. That petition charged Lisa, who was 15 years old at that time, with criminal confinement in violation of Indiana Code section 35–42–3–3(a)(1).[1] Following a fact finding hearing, the trial court found that Lisa had confined Randy without his consent and was, therefore, a delinquent child under Indiana Code section 31–6–4–1.[2]

## ISSUE

■ We need address only one issue:[3]

Whether there is sufficient evidence to support the trial court's finding that Lisa knowingly and intentionally confined Randy without his consent.

## DISCUSSION AND DECISION

When confronted with a claim of insufficient evidence, this court will neither reweigh the evidence nor judge the credibility of witnesses. *Goodrich v. State* (1981), Ind., 426 N.E.2d 1316, 1317. Rather, we will look only to the evidence most favorable to the trial court's judgment together with all reasonable and logical inferences which can be drawn from that evidence. *Id.; McNeely v. State* (1979), 181 Ind.App. 238, 241, 391 N.E.2d 838, 841, *trans. denied.* We will not disturb the judgment of the trial court where there is evidence of

probative value from which a reasonable trier of fact could find the existence of each element of the crime charged beyond a reasonable doubt. *Morgan v. State* (1981), Ind., 425 N.E.2d 625, 626; *Harris v. State* (1981), Ind., 425 N.E.2d 112, 116; *McNeely*, 181 Ind.App. at 241, 391 N.E.2d at 841. Application of this standard to the evidence now before us requires affirmance of the trial court's judgment.

Indiana Code section 35–42–3–3(a)(1) sets out three distinct elements of criminal confinement under that provision. The state must prove beyond a reasonable doubt that the defendant: (1) knowingly or intentionally, (2) confined another person, (3) without *his* consent. See *e.g., Addis v. State* (1980), Ind.App., 404 N.E.2d 59, 61, *trans. denied.* Lisa does not challenge the existence of the first two elements. However, she does assert that no evidence was introduced which would show Lisa acted without Randy's consent.[4]

■ Our research has revealed no Indiana cases dealing with this particular factual situation. The general rule, however, is aptly stated in the second edition of American Jurisprudence.

"A child of tender years is ordinarily regarded as incapable of consenting to its seizure and abduction and, when taken from its rightful guardian, is deemed

1. Indiana Code section 35–42–3–3(a)(1) (1982) provided:
   "(a) A person who knowingly or intentionally:
   (1) confines another person without *his* consent;
   .   .   .   .   .
   commits criminal confinement, a class D. felony. [Emphasis added.]"

2. Indiana Code section 31–6–4–1 (Burns Supp. 1984) provides in relevant part:
   "(a) A child commits a delinquent act if, before his eighteenth birthday, he:
   (1) Commits an act that would be an offense if committed by an adult, except an act committed by a person over which the juvenile court lacks jurisdiction under IC 31–6–2–1(d);
   .   .   .   .   .
   (b) A child is a delinquent child if, before his eighteenth birthday, he:

(1) Commits a delinquent act defined by subdivision (a)(1) or (a)(6); . . ."

3. In her brief to this court, Lisa raised a number of additional questions. The majority of these issues are relevant only to crimes of which Lisa was neither charged nor convicted. Thus, we need not consider them further. Lisa also attempts to raise an issue based on the defense of legal authority. *See* Indiana Code section 35–41–3–1 (Burns 1979). She failed, however, to raise this issue in her motion to correct errors. Consequently, any appellate consideration of this question has been waived. *Wojcik v. Almase* (1983), Ind.App., 451 N.E.2d 336, 339–40 n. 2, *trans. denied;* Indiana Rules of Procedure, Trial Rule 59(D)(2).

4. At the time of the incident Randy was approximately 10 months old. Understandably, he did not testify at the fact finding hearing.

to have been taken without its consent as a matter of law."

1 Am.Jur.2d *Abduction and Kidnapping* § 16 (1962); *see also* W. LaFave & A. Scott, *Criminal Law* § 57 (1972); C. Torcia, *Wharton's Criminal Law* § 46 (14th ed. 1978). We see no reason not to apply this rule to the facts of this case. Therefore, despite the lack of any direct evidence relevant to the issue of Randy's consent, we find sufficient evidence to support the trial court's determination that Lisa knowingly or intentionally confined Randy without his consent.

Judgment affirmed.

ROBERTSON and NEAL, JJ., concur.