Carl Lee ISOM, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 885S338.

Supreme Court of Indiana.

Dec. 30, 1986.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Carl Lee Isom was convicted at the conclusion of a jury trial in the Marion County Superior Court of conspiracy to commit murder, a class A felony, and murder. He was sentenced to thirty (30) years for conspiracy and forty (40) years for murder, to be served concurrently. On direct appeal, the sole issue is the sufficiency of the evidence.

On August 1, 1983, Appellant offered to sell some marijuana to three bicycle riders, including the victim, Curtis Payton. During the transaction, Payton grabbed Appellant from behind, and a scuffle ensued. The marijuana was taken and the three bicyclists rode away. Appellant went to meet co-defendant Karl Haynes. Appellant told Haynes of what had taken place, and informed him that he wanted Haynes to accompany him to find the trio that had taken his marijuana. Haynes retrieved his gun from his bedroom and drove with Appellant to another man's house in order to secure a gun for Appellant. Haynes assured Appellant that they would find the trio and retrieve the marijuana. Appellant said, I'm going to get the 'nigger' back." Haynes testified that as they looked for the trio, Appellant calmed down and was no longer angry. Approximately forty (40) minutes after the original confrontation, Appellant and Haynes located and approached Curtis Payton. Appellant walked up to Payton, shot him in the side, and asked him where his "stuff" was. Payton

motioned to one of his companions, and Haynes struck Payton as he attempted to flee. Payton continued to flee, and Appellant and Haynes pursued him and fired their guns upon him, as Appellant said, "If you don't stop I'm going to shoot your mother-f_____ ass again." Numerous more shots were fired as Payton tried to flee. He was found lying face down between two homes, and died of gunshot wounds. Appellant and Haynes fled after firing upon Payton.

Appellant argues first, that the evidence is insufficient to sustain the conviction for conspiracy because the State failed to prove that he conspired to commit a murder. Appellant argues that any conspiracy would have been merely to get back the stolen marijuana.

Ind.Code § 35–41–5–2 states in part:

"(a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony....

(b) The State must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement."

When sufficiency of the evidence is raised on appeal, we do not weigh the evidence or judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State and all reasonable inferences therefrom. If a substantial body of probative evidence is found from which the jury could reasonably infer guilt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

A conviction for conspiracy, as in any crime, may rest on circumstantial evidence alone. *Smith v. State* (1984), Ind., 405 N.E.2d 1105, 1121, *reh. denied* (1984). In fact, the agreement, as well as the *mens rea*, may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act. *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1080, *reh. denied* (1984). The evidence here shows that Appellant and Haynes armed themselves, intended to "get back" at Payton, and conducted a methodi-

cal search for him. When they found him they immediately attacked him, shooting and killing him. From these facts it can reasonably be inferred that Appellant and Haynes conspired to murder Payton. *Haynes v. State* (1985), Ind., 479 N.E.2d 572, 574.

Appellant further argues the evidence is insufficient to sustain the conviction for murder because the State failed to negate the mitigating factor of "sudden heat." He specifically argues that due to being beaten and robbed, he was under sufficient provocation to excite such emotions so as to exclude the necessary malice. He concludes that the conviction should be reduced to voluntary manslaughter.

Appellant's co-defendant testified that as he and Appellant searched for Payton, they talked about Haynes' son, and that Appellant calmed down and was no longer angry. Forty minutes after the initial confrontation, Appellant found Payton, threatened him, and shot him numerous times, knowing him to be unarmed. This evidence is sufficient to support the inference that an adequate "cooling off period" had elapsed, and that therefore, the shooting was not done in a "sudden heat." *Johnson v. State* (1980), 274 Ind. 193, 196–197, 409 N.E.2d 621, 623; *see also Sanders v. State* (1981), Ind., 428 N.E.2d 23, 26.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

SHEPARD, J., not participating.