Donald B. CREEK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9107–PC–285.

Court of Appeals of Indiana, Second District.

March 30, 1992.

Rehearing Denied June 1, 1992.

---

John R. Walsh, II, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Donald B. Creek appeals the denial of post-conviction relief from his conviction for kidnapping, a class A felony.[1]

We affirm.

1. *See* IC 35–42–3–2 (1988).

## ISSUE [2]

Whether the evidence is sufficient to support Creek's conviction for kidnapping.

## FACTS

The general facts surrounding Creek's convictions for kidnapping and other offenses appear in *Creek v. State* (1988), Ind., 523 N.E.2d 425. Therefore, only the facts relevant to Creek's post-conviction challenge to his kidnapping conviction are presented.

On July 24, 1985, Creek, armed with a handgun, entered the home of Anita Zdzieblowski in Madison County, Indiana. Creek ordered Anita to proceed to a nearby residence where Creek's estranged wife was staying. Creek told Anita to bring his wife to him within minutes or he would hurt or kill Anita's son Adam, who was asleep inside his room. Anita left and returned with Creek's wife. Creek placed a gun to his wife's side and the two went to their residence. Adam Zdzieblowski was asleep during these events.

## DISCUSSION

■ Creek claims the victim's cognizance of being confined is an essential element of kidnapping. Because the evidence is undisputed that Adam was asleep and not cognizant of his confinement, Creek argues his conviction for kidnapping cannot stand. Thus, our inquiry is limited to a question of law: whether victim cognizance of the interference with his or her liberty is a requisite element of the offense. The Indiana kidnapping statute provides in pertinent part:

A person who knowingly or intentionally confines another person:

(4) with the intent to use the person as a shield or hostage;

commits kidnapping, a Class A felony.

IC 35–42–3–2 (1988). "Confines," for purposes of IC 35–42–3–2 (kidnapping) and IC–42–3–3 (criminal confinement), is defined as: "substantially interfer[ing] with the liberty of a person." IC 35–42–3–1 (1988).

Creek argues the common definition of the terms "substantial" and "interfere" require that a person must be cognizant of an interference with his or her liberty in order to be "confined."

The common usage definition of "substantial" is "of ample or considerable amount, quantity, size, etc.," Random House Webster's College Dictionary 1332 (1991), and the common usage definition of "interfere" is "to come into opposition or collision so as to hamper, hinder or obstruct someone or *something.*" *Id.* at 702 (emphasis added). We fail to see how these two terms necessarily coalesce into the requirement that the victim be cognizant of the interference, especially in light of the fact that a person may impose an "interference" upon an inanimate object.

Hence, we hold the offense of kidnapping does not require the victim be aware of his or her confinement. Existing case law supports this holding. *See Warfield v. State* (1981), 275 Ind. 396, 400, 417 N.E.2d 304, 307 (five year old confined as a result of defendant confining parents); *Bridges v. State* (1985), Ind.App., 474 N.E.2d 529, 530 (sufficient evidence of confinement exists where ten month old child is taken from the care of his grandmother).

■ Also, by way of comparison, the tort law doctrine of false imprisonment supports the determination a victim need not be aware he or she is being kidnapped. In general, the victim must be cognizant of his or her imprisonment or be physically harmed by the confinement to recover damages for the tort of false imprisonment. *See* Restatement (Second) of Torts § 42 (1965). The rationale for the general rule is the lack of actual injury or damage to the person who is unaware of his or her imprisonment. *See* W. Page Keeton, Prosser & Keeton on Torts 47–48 (5th ed. 1986).

---

**2.** Creek also claims his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his kidnapping conviction on direct appeal. However, because the State challenges Creek's assertion of ineffective assistance only on the merits of his sufficiency argument, *see* Appellee's Brief at 4 ("The State maintains that because the issue is itself meritless, the failure to raise the issue does not establish ineffective assistance of counsel."), we do not reach the issue of appellate counsel's effectiveness.

The distinction between the function of tort law and the function of criminal law justifies imposing criminal punishment on those who confine an unknowing victim. Tort law compensates victims for damages they have suffered; criminal law protects the collective interest of the public at large. 1 Wayne R. LaFave, Austin W. Scott, Substantive Criminal Law 17 (1986); *see also* 1 Charles E. Torcia, Wharton's Criminal Law § 7 (14th ed. 1978). Because the act of confining an unconscious person, although perhaps not causing a compensable injury to the individual confined, constitutes an undesirable activity which is clearly injurious to society in general, it is an activity the State may sanction by criminal punishment.

Because a victim need not be cognizant of an interference with his or her liberty in order to be, confined within the meaning of IC 35–42–3–2, Adam's lack of cognizance does not render the evidence insufficient to support Creek's conviction for kidnapping Adam.

The denial of post-conviction relief is affirmed.

SULLIVAN and ROBERTSON, JJ., concur.