Brook T. **RICHARDS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 44A03–0404–CR–202.

Court of Appeals of Indiana.

Oct. 13, 2004.

Christopher J. Wheeler, Angola, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Brook T. Richards appeals his conviction, of criminal confinement, a Class D felony.[1] We affirm.

### THE ISSUE

Whether the evidence was sufficient to support the conviction of criminal confinement.

### FACTS

Richards and one Kim O'Conner had had a rather tumultuous relationship, and they lived together for some period of time. This relationship produced one child, C.R., who was born on March 5, 1998. Although Richards and Kim never were married, and paternity of C.R. never was established, both parties agree that Richards is the biological father of C.R.

Richards and Kim separated because of Richards' abusive behavior. In July of 1999, while living in Ohio, Kim obtained from he Court of Common Pleas, Division of Domestic Relations of Wood County, Ohio, a domestic restraining order in favor of Kim and her children, including C.R., which placed custody of C.R. with Kim. This order was effective for five years. Richards was aware of the Ohio protective order.

Apparently, Richards and Kim lived together sporadically after that, but they were living apart on February 3, 2003, the date upon which the events giving rise to this case occurred. On that date, in response to a message from Richards that it was urgent that she see him, Kim, along with C.R., went to Richards' home in Stroh, Indiana. There, Richards asked Kim to marry him. When she refused, he became irate, punched her in the face three times and slammed her head into a shelf. While this was happening, C.R. was screaming "Mommy". Richards then grabbed C.R., ran out the back door, and

---

1. Ind.Code § 35-42-3-3. Richards also was convicted of domestic battery, a Class A Misdemeanor under Ind.Code § 35-42-2-1. He does not appeal that conviction.

threw C.R., who was screaming, into his truck. Kim ran to the truck and pounded on the window in an attempt to get C.R., but was unable to do so. Richards then drove away in his truck with C.R., and disappeared for four months. The two of them were seen in Indiana, Michigan, Missouri, New Mexico, and Arizona. Richards finally was apprehended by the FBI in Pueblo, Colorado, on June 7, 2003. When the child was reunited with her mother, her long hair had been cut off to change her appearance.

## DISCUSSION AND DECISION

### 1. *Standard of Review.*

■ Our standard of review in sufficiency cases is well established. In considering such a claim, we consider only the probative evidence and reasonable inferences supporting the judgment, without weighing the evidence or judging witness credibility, and determine therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Miller v. State,* 770 N.E.2d 763, 774 (Ind.2002). If there is substantial evidence of probative value supporting the verdict, we will affirm. *Dishmon v. State,* 770 N.E.2d 855, 858 (Ind.Ct.App.2002), *trans. denied.*

### 2. *Sufficiency of the Evidence on Criminal Confinement.*

■ The statute upon which the charge in this case is based reads as follows: Ind.Code § 35–42–3–3 Criminal Confinement

Sec. 3. (a) A person who knowingly or intentionally:

(1) confines another person without the other person's consent; or

(2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;

commits criminal confinement. Except as provided in subsection (b), the offense of criminal confinement is a Class D felony.

In order to convict under subsection (1) the State had to prove beyond a reasonable doubt that Richards confined C.R. without her consent. However, in this case, whether C.R. did or did not consent is irrelevant. This issue was addressed directly by this court in *Matter of Bridges,* 474 N.E.2d 529, 530–31 (Ind.Ct.App.1985). There, legal custody of a ten-month-old child had been given to its maternal grandmother by the fifteen year old birth mother of the child. The birth mother took the child. She was charged with delinquency for the criminal confinement of the child. In response to her argument that there was no evidence that the child did not consent, we held that a child of tender years is regarded as incapable of consenting to criminal confinement when taken from its legal guardian, and is deemed to have been taken without its consent as a matter of law. We believe the holding in *Bridges* is equally applicable here.

In a similar vein, we held that evidence that the defendant grabbed his six-year-old daughter, held her hostage, and threatened to kill her was sufficient to support a finding that the defendant confined his daughter without her consent, and was sufficient to sustain the charge of criminal confinement. *Maxwell v. State,* 731 N.E.2d 459, 463 (Ind.Ct.App.2000), *trans. denied.*

In addition, on a related issue, our supreme court has held that consent of the child is no defense to a charge of child stealing. *Drury v. State,* 253 Ind. 392, 254 N.E.2d 335 (1970).

Based upon the foregoing authorities, we hold that the evidence is sufficient under subsection (1) of the statute.

We believe that subsection (2) of the statute is in the disjunctive from subsection (1), and that the question of consent or lack of consent is not involved where a person is removed by force. Thus, the issue is whether the evidence is sufficient to prove that Richards removed C.R. by force from one place to another. We believe it is. Richards grabbed C.R., who was screaming, ran to his truck, threw the child into the truck while Kim was at the truck pounding on the window trying to get her child. Richards then drove away, traveled to several states, and was apprehended in Colorado four months later. At that time, C.R.'s long hair had been cut in an effort to make her look like a boy and to disguise her appearance. Such evidence, in our view, is sufficient to prove the offense of criminal confinement under subsection (2).

Finding the evidence sufficient to sustain the charge under both subsection (1) and subsection (2), we affirm the judgment.

Judgment affirmed.

RILEY, J., and DARDEN, J., concur.