Edward D. PERREY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0409–CR–433.

Court of Appeals of Indiana.

March 16, 2005.

Transfer Denied May 5, 2005.

P. Stephen Miller, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Edward Perrey ("Perrey") was convicted of Class C felony criminal confinement [1] and Class D felony auto theft [2] in Allen Superior Court. He appeals his criminal confinement conviction arguing that the evidence was insufficient to support his conviction. Concluding that the evidence was sufficient, we affirm.

### Facts and Procedural History

At approximately 7:30 a.m. on January 31, 2003, Christina Beck ("Christina")

---

1. Ind.Code § 35–42–3–3 (2004).

2. Perrey does not challenge his auto theft conviction in this appeal.

drove her mother's GMC Jimmy sport utility vehicle to her mother's workplace, Harris–Kayot, in Fort Wayne, Indiana. Her one-year-old daughter, A.B., was sitting in a forward facing car seat behind the front passenger seat of the vehicle. When she arrived at Harris–Kayot, Christina left A.B. inside the vehicle with the engine running and the keys in the ignition while she went into the building to ask her mother for money. While Christina was inside the building, Perrey stole the GMC Jimmy and headed north out of Fort Wayne on Interstate–69. Upon realizing that the vehicle had been stolen, Christina called the police. Police officers eventually stopped Perrey on Interstate–69 several miles north of Fort Wayne.

Perrey was charged with Class D felony auto theft and Class C felony criminal confinement on February 6, 2003. The charging information for criminal confinement read:

> On or about the 31st day of January in the County of Allen and in the State of Indiana, said defendant, Edward D. Perrey, did knowingly or intentionally confine another person, to wit: [A.B.], a person who was then under fourteen (14) years of age, to wit: one (1) year of age, with a date of birth of December 21st, 2001, not being the child of Edward D. Perrey, being contrary to the form of the statute in such case made and provided.

Appellant's App. p. 17. A jury trial commenced on April 6, 2004. During trial, the trial court granted the State's motion to amend the charging information to allege that the confinement was without consent. Tr. pp. 320–21.

The jury found Perrey guilty of Class C felony criminal confinement and Class D felony auto theft. A sentencing hearing was held on May 7, 2004. Perrey was ordered to serve consecutive terms of eight years for the criminal confinement conviction and two years for the auto theft conviction. Perrey now appeals. Additional facts will be provided as necessary.

**Standard of Review**

Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Cox v. State,* 774 N.E.2d 1025, 1029 (Ind.Ct.App.2002). We only consider the evidence most favorable to the judgment and the reasonable inferences that can be drawn therefrom. *Id.* Where there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Armour v. State,* 762 N.E.2d 208, 215 (Ind.Ct.App.2002), *trans. denied.*

**Discussion and Decision**

Perrey argues that the evidence was insufficient to support his Class C felony criminal confinement conviction. The offense of criminal confinement is defined in Indiana Code section 35–42–3–3, which provides:

> A person who knowingly or intentionally:
>
> > (1) confines another person without the other person's consent; or
> >
> > (2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;
>
> commits criminal confinement.

The offense is classified as a Class C felony if the person confined or removed is less than fourteen years old. Ind.Code § 35–42–3–3 (2004). The term "confines" means to "substantially interfere with the liberty of a person." *See* Ind.Code § 35–42–3–1 (2004).

In *Kelly v. State,* 535 N.E.2d 140 (Ind. 1989), our supreme court observed that the confinement statute "framed in the disjunctive, includes two distinct types of

criminal confinement by encompassing both confinement by non-consensual restraint in place and confinement by removal." *Id.* at 140 (citing *Addis v. State,* 404 N.E.2d 59, 60 (Ind.Ct.App.1980)).

> Under section one of the statute, the act of nonconsensual confinement is prohibited, irrespective of any intent to remove the individual to another location[.] . . . But lack of consent is not an element of confinement under section two.... Clearly different acts and elements are required to be proven in each section, and the defensive posture would not be the same under the respective sections since the prosecution would necessarily proceed under different theories and proof.

*Id.* at 141 (quoting *Addis,* 404 N.E.2d at 61).

■ In this case, the charging information filed against Perrey simply alleged that Perrey confined A.B. At trial, the trial court granted the State's motion to amend the charging information to read in pertinent part:

> On or about the 31st day of January, 2003, . . . Edward D. Perrey, did knowingly or intentionally confine another person *without the other person's consent,* to wit: [A.B.], a person who was then under fourteen (14) years of age, to wit: one (1) year of age, with a date of birth of December 21st, 2001, not being the child of said Edward D. Perrey[.]

Appellant's App. p. 65 (emphasis added).

In addition, the following confinement instruction was submitted to the jury:

> A person who knowingly or intentionally confines another person without the other person's consent commits Criminal Confinement. The offense is a Class C felony if the other person is less than fourteen (14) years of age and is not the person's child.

To convict the Defendant, the State must prove each of the following elements:

> The Defendant, Edward D. Perrey,
>
> 1. knowingly or intentionally
> 2. confined another person without the other person's consent, and
> 3. the other person was less than fourteen (14) years of age and not the defendant's child.

Appellant's App. p. 66. Accordingly, we conclude that the State was required to prove that Perrey committed the offense of criminal confinement as it is defined in Indiana Code section 35–42–3–3(a)(1), which Perrey contends the State failed to do.

In support of his argument, Perrey cites to *Addis v. State.* In that case, Addis failed to return her two children to the custody of their father when Addis' visitation period with the children expired. *Addis,* 404 N.E.2d at 60. Addis took the children, who resided in Indiana with their father, to Florida, but failed to return them on the required date, instead moving them to South Carolina and then to Ohio. *Id.* Addis was charged and convicted of confining the children without their consent or the consent of their father. *Id.* at 62.

On appeal, our court concluded that Addis "was convicted for violating section two of the criminal confinement statute rather than section one." *Id.* We observed that the evidence presented at trial "was directed almost exclusively to proving confinement by fraudulently removing the children from Indiana. The State's position was that Mrs. Addis had picked her children up ostensibly for their summer vacation, when, in fact she was intending at that time to have them remain with her beyond the designated return day." *Id.* at 64. While we observed that such evidence

might support a conviction under subsection two of the statute, "such evidence lends no support to a conviction for nonconsensual confinement." *Id.*

However, our court has also held that a child is incapable of consenting to criminal confinement when taken from his or her legal guardian, and therefore is deemed to have been taken without the child's consent as a matter of law. In *Matter of Bridges*, 474 N.E.2d 529 (Ind.Ct.App.1985), Lisa Bridges gave birth to R.B., and shortly thereafter, agreed to give legal custody of R.B. to her step-sister, Betty Shattuck. When R.B. was approximately ten months old, Betty left R.B. in the care of Bridges' mother for a few hours. *Id.* at 529. Bridges' mother then left R.B. with Bridges and her aunt for a brief period of time during which Bridges took R.B. and left the house. As a result, a delinquency petition was filed against Bridges which alleged that she had committed criminal confinement. *Id.* at 530.

The juvenile court found that Bridges had confined R.B. without his consent, and therefore, entered a finding of delinquency against Bridges. *Id.* On appeal, Bridges asserted that there was no evidence proving that she acted without R.B.'s consent. Our court disagreed and observed, "[a] child of tender years is ordinarily regarded as incapable of consenting to its seizure and abduction and, when taken from its rightful guardian, is deemed to have been taken without its consent as a matter of law." *Id.* at 530–31 (citation omitted).

In *Richards v. State*, 816 N.E.2d 72 (Ind.Ct.App.2004), Richards and Kim O'Conner had a child, C.R. *Id.* at 73. Although Richards' paternity to C.R. was never established, the parties agreed that Richards was C.R.'s biological father. Richards and O'Conner lived apart from each other on numerous occasions and during a period of separation, Richards asked O'Conner to marry him. *Id.* When O'Conner refused, Richards took C.R. and disappeared for four months. *Id.* at 74. Richards was convicted of criminal confinement and on appeal he argued that the evidence was insufficient to support his conviction. Citing *Matter of Bridges*, our court held that under subsection one of the statute, whether C.R. consented to the confinement was irrelevant because she was taken without her mother's consent and concluded that the evidence was sufficient to convict Richards of nonconsensual criminal confinement.[3] *Id.*

In this case, it is undisputed that Perrey took A.B. from Christina without Christina's consent. This case is therefore distinguishable from *Addis* because the defendant in *Addis* took the children with their father's consent, but failed to return the children when required under the court's visitation order. The facts of this case are more closely analogous to those in *Bridges* and *Richards* because in those cases, the defendants took the children without the consent of their legal guardians, and therefore without the children's consent as a matter of law. Under these facts and circumstances, where the State presented evidence that Perrey knew A.B. was in the car[4] and that Perrey took A.B. without Christina's consent, we hold that the evidence was sufficient to support his conviction for Class C felony nonconsensual criminal confinement.

Affirmed.

BAILEY, J., concurs.

---

**3.** We also concluded that the evidence was sufficient to support a conviction for criminal confinement by removal under subsection two of the statute. *Id.* at 75.

**4.** At trial, Fort Wayne Police Department Detective Kenneth Clement testified that Perrey stated that he knew the child was in the car when took the GMC Jimmy. Tr. pp. 276–77.

SULLIVAN, J., concurs in result with opinion.

SULLIVAN, Judge, concurring in result.

The majority opinion here relies upon *Richards v. State,* 816 N.E.2d 72 (Ind.Ct. App.2004) and *In Re Bridges,* 474 N.E.2d 529 (Ind.Ct.App.1985). *Richards* correctly says that under subsection one of the statute the State had to prove the absence of consent on the part of C.R., the five-year-old child. This is because that subsection defines confinement as being "without the other person's consent." The *Richards* court went on to say, however, that whether or not C.R. consented was irrelevant because subsection two of the statute permits conviction without regard to the other person's consent, and in *Richards,* the defendant removed C.R. by force from one place to another. Thus Richards' conviction was appropriate under subsection two of the statute. This conclusion would be correct only if Richards had been charged under subsection two rather than subsection one. In this regard, unfortunately, the *Richards* opinion does not indicate whether the charge was brought under subsection one or subsection two.

Nevertheless, in my view, *Richards* confused the issue by citing to *Bridges* for the proposition that a child is incapable of consenting and that therefore it may be said that the child was confined without the child's consent. If the charge was framed under subsection two, reference to *Bridges* was unnecessary. If, on the other hand, the charge was under subsection one, any discussion of the validity of a subsection two conviction would be extraneous. Be that as it may, *Richards* held that the conviction was valid under either of the two subsections.

The majority opinion here, however, focuses upon what I perceive to be an irrelevant and therefore confusing factor. In my view, the fact that the maternal grandmother in *Richards* and that Christina, the child's mother in the case before us, did not consent is irrelevant and was not a basis of the conviction in either case. Accordingly, Christina's lack of consent in this case is of no moment.

Here, Perrey's conviction was based upon the charge that A.B. was confined "without the person's consent." Tr. at 321. "[T]he person" necessarily referred to A.B., i.e. the person confined, and had nothing to do with whether or not Christina, the child's mother, consented. Accordingly, pursuant to the case law holding that a child of tender years is incapable of consent, the conviction is sustainable under subsection one of the statute. It is upon this basis that I concur in result.