**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHEARECE M. LOVE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1308-CR-400 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1205-FB-89

**March 3, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-defendant Shearece M. Love and two other women waited for Breanna McGhee to arrive at her place of employment. When McGee arrived, the three women physically attacked her and took her purse. Now, Love appeals her conviction for Robbery,[1] a class B felony. More particularly, Love argues that there was insufficient evidence to convict her and that the trial court erred by admitting hearsay evidence, namely, the testimony of a police detective regarding a record he received from the Indiana Bureau of Motor Vehicles (BMV) concerning the registration plate number belonging to Love. Finding sufficient evidence and no other error, we affirm the judgment of the trial court.

## FACTS

On May 1, 2012, McGhee was working at the Cap and Cork Liquor Store in Fort Wayne. McGhee's shift started around 3:00 p.m. Love, her sister, Leanna Love, and Jacqueline Harris parked their vehicle behind a nearby Blockbuster Store before McGhee arrived for her shift.

After another Cap and Cork employee informed the three women that McGhee would not arrive until around 3:00 p.m., they waited in the nearby Jimmy John's and Papa John's until McGhee arrived. Mark Milowski, the general manager at Papa John's did not see the three women carrying purses, and they did not order any food. A short time later, he saw the three women hitting another woman.

---

[1] Ind. Code § 35-42-5-1.

Similarly, Matthew Bennett, who worked at Jimmy John's observed the three women. He stated that they did not order any food and that they claimed they were waiting on someone. A short time later, Bennett saw the three women leave and walk towards Cap and Cork.

Around 3:00 p.m., McGhee parked in front of Cap and Cork and exited her vehicle carrying her black purse. McGhee was immediately confronted by Love, Leanna, and Harris. Love asked if McGhee was surprised to see her while Harris maced her. McGhee dropped her purse and fell to the ground. The three women repeatedly hit McGhee in her head, back, and front. The attack finally ended after the women were confronted by a Cap and Cork employee; however, McGhee was unable to find her purse.

Love, Leanna, and Harris ran to their vehicle. Jason Miller and Kayta Thompson observed that one woman dropped a black purse but continued to run and that another woman who was following picked it up while still running. The couple followed the vehicle that the three women were in and copied the license plate number. They gave the number to Officer Schultz, who ran it through the BMV database, which indicated that the vehicle belonged to Love. Detective Brent Roddy verified this information and relied on it in the course of the investigation to attempt to locate the vehicle and/or Love at the Canterbury Green Apartments.

On May 25, 2012, the State charged Love the class B felony robbery. On June 20, 2013, Love's jury trial commenced. During the trial, Love objected on hearsay grounds to Detective Roddy's testimony that the BMV search identified Love as the owner of the

getaway vehicle, reasoning that Detective Roddy received the information from Officer Schultz and that a BMV representative was not testifying. Love conceded that the jury had already heard "identification from the alleged victim." Tr. p. 120. The prosecutor maintained that the testimony was not going to the truth of the matter asserted and was introduced to explain why the lead investigator of the case "continued on this investigation as he did after he received the information," which prompted the search at Canterbury Green Apartments. Id. at 120-22. The trial court overruled Love's objection.

On June 20, 2013, the jury found Love guilty as charged. On July 24, 2013, the trial court sentenced Love to six years in the Department of Correction. Love now appeals.

### I. Sufficiency of the Evidence

Love argues that there was insufficient evidence to show that she or the other two women took the purse from McGhee's person or the ground. Our standard of review for sufficiency claims is well-settled. We neither reweigh the evidence nor judge the credibility of the witnesses. Perrey v. State, 824 N.E.2d 372, 373 (Ind. Ct. App. 2005). We only consider the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. Id. Where there is substantial evidence of probative value to support the judgment, it will not be set aside. Id.

To convict Love of class B felony robbery, the State was required to prove beyond a reasonable doubt that she knowingly or intentionally took property from McGhee or in the presence of McGhee by using or threatening to use force on McGhee or by putting

4

McGhee in fear, and those actions resulted in bodily injury to McGee. Ind. Code § 35-42-5-1. Love challenges only one element, namely, that she knowingly or intentionally took McGhee's purse.

In this case, Milowski, the general manager at Papa John's, testified that he did not notice the three women carrying a purse while they were in his store. Tr. p. 89. The three women subsequently attacked McGhee who was carrying a black purse. Id. at 43-45. McGhee dropped her purse after being maced, id. at 45, and could not find it after the attack. Tr. p. 50.

The couple who saw the three women running away observed that one of them dropped a black purse but continued to run and that a woman following her picked up the purse while still running. Tr. p. 92-93; 105-07. From these facts and circumstances, a factfinder could reasonably conclude that there was sufficient evidence to convict Love of class B felony robbery. Consequently, this argument fails.

## II. Hearsay

Love contends that the trial court erred by admitting hearsay testimony at trial. More particularly, Love maintains that it was error to permit Detective Roddy to testify regarding the results of a search conducted on the BMV database because he was not employed by the BMV.

The decision to admit or exclude evidence is within the trial court's sound discretion. Bacher v. State, 686 N.E.2d 791, 793 (Ind. 1997). Accordingly, we will not reverse the trial court's decision to admit or exclude evidence absent an abuse of

discretion. Becker v. State, 695 N.E.2d 968, 973 (Ind. Ct. App. 1998). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

The Indiana Rules of Evidence define hearsay as "a statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Generally, hearsay is not admissible. Evid. R. 802. Nevertheless, some out-of-court statements are either specifically excluded from the definition of hearsay or are considered exceptions to the general rule excluding hearsay evidence.

Here, Detective Roddy testified that he received the license plate number from Officer Schultz. Tr. p. 120. Officer Schultz "advised [Detective Roddy] that he had run . . . that license plate." Id. Detective Roddy verified it, and the license plate "came back to Shearece Love." Id. at 122. Detective Roddy testified that this information led police to the Canterbury Green Apartments in an effort to locate Love. Id. Under these circumstances, the information that Detective Roddy testified that he had obtained from the BMV was not offered for the truth of the matter asserted. Rather, it was admitted for the purpose of clarifying the course of the investigation. See Patton v. State, 725 N.E.2d 462, 464 (Ind. Ct. App. 2000) (holding that officer's testimony was not hearsay because it was offered to explain why a particular course of action was taken during a criminal investigation rather than for the truth of the matter asserted). Accordingly, the trial court

did not err by permitting Detective Roddy to testify regarding the information he received from the BMV about the getaway vehicle, and we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.