## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 26 2015, 9:46 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Victoria L. Bailey<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>William Hackl Brainard<br>Monika Prekopa Talbot<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronnie Lewis,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff* | January 26, 2015<br><br>Court of Appeals Cause No.<br>49A02-1404-CR-264<br><br>Appeal from the Marion Superior Court.<br><br>The Honorable Mark D. Stoner.<br><br>Cause No. 49G06-1301-FA-3115 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Ronnie Lewis (Lewis), appeals his conviction for attempted murder, a Class A felony, Ind. Code §§ 35-42-1-1; -41-5-1(2013).

We affirm.

# ISSUE

Lewis raises one issues on appeal which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Lewis' conviction.

# FACTS AND PROCEDURAL HISTORY

On January 12, 2013, Antan Purnell (Purnell) and his relatives went to a bar in Indianapolis, Indiana to celebrate the birthday of his cousin. As the night wore into the early morning hours of January 13, the bar became crowded with people, and Purnell and another patron played a game of pool. While playing, Purnell saw a five-dollar bill on the ground near the pool table; he picked it up and put it in his pocket. Immediately, Purnell felt a tap on the shoulder and heard somebody say, "[G]ive me my mother fucking money." (Transcript p. 290). Purnell turned around and saw Lewis standing behind him. Purnell refused to return the money. There was some verbal sparring between the two, and at one point, Lewis told Purnell, "I'm going to show you're not tough . . . I'd hate for somebody to die over five dollars." (Tr. p. 292). Two other men who came to the bar with Lewis approached Lewis and started "pulling up their pants," which Purnell took as an indication they were ready to fight. (Tr. p.

293). Shortly thereafter, Lewis and the two men left the pool table, and Purnell continued shooting pool. Alone, Lewis returned to the pool table area a short while later and sat on a barstool right behind Purnell. Bothered by his presence, Purnell asked Lewis what he was doing. Lewis did not respond; instead, he warned a couple seated nearby by stating, "[I]f I was you all [sic]. . . I would move . . . and if it goes off and hits you then it ain't [sic] my fault." (Tr. p. 303). Not believing that Lewis was armed, Purnell responded to the indirect threat by stating, "[I]f you're going to shoot me[,] then shoot me." (Tr. p. 303). At that point, Lewis brandished his gun and pointed it toward Purnell. Responding to the imminent threat, Purnell pushed Lewis' arm and the gun discharged. Purnell then struck Lewis in the face, and the two men fell to the ground with Purnell landing on top of Lewis. Purnell continued to strike Lewis in the face using his right hand, and with his left hand, he restrained Lewis' hand which held the gun. Lewis, however, was able to overcome Purnell's clutch and started firing, striking Purnell once in the stomach. Not knowing that he had been shot, Purnell continued to punch Lewis but when the bullet wound started to burn, Purnell loosened his grip and Lewis wiggled away. Determined to stop Lewis from escaping, Purnell grabbed Lewis' foot, however, Lewis turned around, pointed the gun to Purnell's head and pulled the trigger. The gun did not go off, and Lewis ran out of the bar.

[5]     On January 15, 2013, the State filed an Information charging Lewis with Count I, attempted murder, a Class A felony, I.C. §§ 35-42-1-1; -41-5-1(2013); and Count II, carrying a handgun without a license, a Class A misdemeanor, I.C. §

35-47-2-1. On the morning of the trial, on January 13, 2014, the State amended the Information correcting the offense date from January 13, 2012, to January 13, 2013. A two-day jury trial was held on January 13-14, 2014, and at the close of the evidence, the jury only returned a guilty verdict for attempted murder. On March 19, 2014, at Lewis' sentencing hearing, the State dismissed Count II, and the trial court sentenced Lewis to thirty years with ten years suspended to the Department of Correction.

Lewis now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

Lewis argues that there is insufficient evidence to support his conviction of attempted murder. Specifically, Lewis argues that the evidence did not permit a reasonable inference that he had the specific intent to kill Purnell.

Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Perrey v. State*, 824 N.E.2d 372, 373 (Ind. Ct. App. 2005), *trans. denied*. We only consider the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. *Id*. Where there is substantial evidence of probative value to support the judgment, it will not be set aside. *Id*.

A conviction for attempted murder requires proof of specific intent to kill. *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind. 1991). Intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily injury, in addition to the nature of the attack, and the circumstances

surrounding the crime. *Gall v. State*, 811 N.E.2d 969, 975 (Ind. Ct. App. 2004), *trans. denied*. Likewise, an assailant's words may be indicative of an intent to kill the victim. *Tancil v. State*, 956 N.E.2d 1204, 1210 (Ind. Ct. App. 2011).

[10] Here, our review of the evidence reveals that after Purnell refused to hand over the five-dollar bill, Lewis threatened him by stating, "I'd hate for someone to die over five dollars." (Tr. p. 292). Lewis also warned bystanders to leave the pool table area by stating, "[I]f I was you all [sic]. . . I would move . . . and if it goes off and hits you then it ain't [sic] my fault." (Tr. p. 303). Shortly after Lewis made that statement, Lewis drew a handgun and aimed it at Purnell's head. Purnell pushed Lewis' arm away and the gun discharged, missing Purnell. In the ensuing struggle, Lewis fired multiple shots, striking Purnell once in the stomach. Finally, before running away from Purnell, Lewis pointed the gun to Purnell's head and pulled the trigger. Fortunately, the gun did not go off and Lewis fled from the bar. Lewis' argument that the shots were fired while trying to defend himself from Purnell amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Perrey*, 824 N.E.2d at 373.

[11] Based on the facts surrounding the shooting, including Lewis' statements and conduct, the jury could reasonably infer that Lewis acted with the intent to kill Purnell.

# CONCLUSION

Based on the foregoing, we find that there is sufficient evidence to support Lewis' conviction of attempted murder.

Affirmed.

Vaidik, C.J. and Baker, J. concur