## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2015, 10:12 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eddie Long,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 19, 2015

Court of Appeals Cause No. 49A02-1406-CR-419

Appeal from the Marion Superior Court.

The Honorable Gary Miller, Judge.

Cause No. 49G21-1312-CM-76912

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Eddie Long (Long), appeals his conviction for invasion of privacy, a Class A misdemeanor, Ind. Code § 35-46-1-15.1(1) (2013).

[2] We affirm.

## ISSUE

[3] Long raises one issues on appeal which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Long's conviction.

## FACTS AND PROCEDURAL HISTORY

[4] In October of 2012, a fifteen-year relationship between Long and his live-in girlfriend Coleen McKinley (McKinley) ended, and McKinley moved out of their home. McKinley left a letter addressed to Long stating her reasons for moving out. In addition, because McKinley owed Long some money, she left two years' worth of postdated checks each in the amount of $850, all to be cashed monthly.

[5] On March 28, 2013, the Shelby Circuit Court issued an *ex parte* protective order which ordered Long to have no contact with McKinley for a period of two years. On November 18, 2013, McKinley received a phone call from an unknown number. When she picked up, McKinley recognized Long's voice on the other end. When McKinley threatened to hang up and call the police, Long

answered back by saying, "I love you [] I don't want to hurt you financially." (Transcript p. 40).

[6] On December 3, 2013, the State filed an Information charging Long with invasion of privacy, a Class A misdemeanor, I.C. § 35-46-1-15.1. A bench trial was conducted on May 21, 2014. During the trial, Long admitted that he was aware of the protective order and that he did make a phone call to McKinley. However, Long stated that he only contacted McKinley in an effort to collect a debt. Long argued that 15 U.S.C. § 1692(c) of the Fair Debt Collection Practices Act (FDCPA) authorized him to contact McKinley for the purposes of collecting the debt she owed. At the close of the evidence, the trial court found that there was no exception to the protective order statute, even for the collection of a debt. The trial court then sentenced Long to 365 days in Marion County Jail with credit for 4 days served, and the balance of 361 days to be suspended upon successful completion of probation.

[7] Long now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Sufficiency of the Evidence*

[8] Long claims that there is insufficient evidence to sustain his conviction of invasion of privacy. Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Perrey v. State*, 824 N.E.2d 372, 373 (Ind. Ct. App. 2005), *trans. denied*. We only consider the evidence most favorable to the judgment and the reasonable

inferences to be drawn therefrom. *Id*. Where there is substantial evidence of probative value to support the judgment, it will not be set aside. *Id*.

[9] To convict Long of invasion of privacy, the State had to prove that Long knowingly or intentionally violated a protective order. See I.C. § 35-46-1-15.1. Long's leading argument is that "his intent was not to harass or annoy [] McKinley but to attempt to collect on a debt." (Appellant's Br. p. 6). At trial, Long introduced evidence that the checks McKinley wrote to him bounced, that McKinley had closed her bank account, and that FDCPA authorized him contact McKinley to collect his debt. We reject Long's arguments for two reasons. First, we note that Congress created the FDCPA to prohibit debt collectors from using unfair, deceptive, or abusive practices when collecting consumer debts. The FDCPA places numerous restrictions on what debt collectors are allowed to do when collecting debts and provides consumers with certain rights and remedies against those who violate any of its provisions. As such, Long cannot use the act to collect his debt because the FDCPA principal purposes is to prohibit debt collectors from using unfair practices to collect debts. Secondly, we note that the statute generally applies to third party debt collectors, and not to individual creditors. For the foregoing reasons, Long cannot use the act evade the order of protection.

[10] In the instant case, the *ex parte* protective order prohibited Long from

> 1 . . . . committing acts of domestic violence or family violence, stalking . . .
> 2. . . . harassing, annoying, telephoning, contacting, or directly or indirectly communicating with [McKinley] except:_____

(State's Exh. 1). Thus, Long was barred from contacting McKinley under any setting. During trial, Long testified that he knew the *ex parte* order was still in effect when he called McKinley in November of 2013. At trial, McKinley testified that Long's contact was unwelcomed, disturbing, and upsetting.

Because the trial court did not specifically permit Long to contact McKinley under any conditions, Long's phone call in an attempt to collect his debt violated the *ex parte* protective order and constituted invasion of privacy.

## CONCLUSION

Based on the foregoing, we find that there is sufficient evidence to support Long's conviction of invasion of privacy.

Affirmed

Vaidik, C.J. and Baker, J. concur