## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2015, 10:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Estel Lynn,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 30, 2015

Court of Appeals Cause No.
49A05-1410-CR-467

Appeal from the Marion Superior Court.

The Honorable Anne Flannelly, Magistrate.

Cause No. 49G17-1406-CM-32751

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Estel Lynn (Lynn), appeals his conviction for resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1(a)(1) (2013); and battery, a Class A misdemeanor, I.C. § 35-42-2-1(a)(1)(b) (2012).

[2] We affirm.

## ISSUE

[3] Lynn raises one issues on appeal which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Lynn's conviction for resisting law enforcement and battery.

## FACTS AND PROCEDURAL HISTORY

[4] Shortly before 10:00 p.m. on June 22, 2014, Officer Jason Thalheimer (Officer Thalheimer) and Officer John Walters (Officer Walters) of the Indianapolis Metropolitan Police Department were sent to Woodland Drive, Indianapolis, Indiana to investigate a domestic disturbance. Upon their arrival, the complainant directed the officers to 20 Woodland Drive as being the residence as to where the disturbance originated.

[5] On the sidewalk in front of the residence, the officers encountered Melissa Linhart (Linhart). Linhart appeared distraught, she was crying and was looking for her car keys so she could to leave. Officer Thalheimer assisted in looking for the keys while Officer Walters questioned her. Linhart was initially

reluctant to tell the officers what happened, but she eventually told the officers that she had been in a physical fight with Eric Lynn (Eric), her live-in boyfriend. Officer Walters observed that Linhart had a small laceration in the corner of her mouth. Linhart then escorted the officers inside the residence that she shared with Eric, Eric's father (Lynn), and Eric's mother, Brenda Lynn (Brenda).

[6] When they entered the house, Lynn and Brenda were seated on the couch while Eric was lying on the floor watching the television. Officer Walters asked for Eric's identification. Eric declined, he laid back on the floor and said, "I am not [] saying anything." (Appellant's App. p. 41). At that moment, Lynn "jumped off the couch" and approached the officers, telling them to "get the fuck out." (Tr. pp. 39, 56). According to the officers, Lynn and Eric appeared intoxicated due to their slurred speech. Officer Thalheimer ordered Lynn to remain seated and be quiet. Lynn ignored the command and instead, walked closer to Officer Walters, gave him two "fairly decent slaps" on the back causing Officer Walters to bend forward slightly, and stated "have a nice night and get out." (Tr. p. 39). Since Lynn was too close to him, Officer Walters pushed Lynn away, which caused Lynn to fall. Officer Walters also asked Lynn not to touch the police. When Lynn regained his balance, he squared his body toward Officer Walters, and with a balled fist told Officer Walters that "he was going to beat [his] ass." (Tr. p. 41). Officer Walters ordered Lynn to sit down, and Lynn complied. At that point, Officer Walters resumed his arrest of Eric for battery. Eric obeyed and placed his hands behind his back. However,

after Officer Walters got one handcuff on Eric's left arm, Lynn got up from the couch again and yelled "you're not going to fucking arrest my son," and he attempted to charge at Officer Walters. (Tr. pp. 42-43). Lynn's charge was subverted by Officer Thalheimer, who tackled Lynn to a nearby couch. Once on the couch, Lynn attempted to free himself from Officer Thalheimer's hold, and Lynn told Officer Thalheimer to get off him. Officer Thalheimier commanded Lynn to stop resisting but Lynn refused and continued to struggle causing them to both roll off the couch and onto the floor. Once on the floor, Officer Thalheimer used his body weight to subdue Lynn and he effectively handcuffed him.

[7]     Eric's observation of his father being arrested made him belligerent and aggressive. Since Officer Walters had not yet fully handcuffed Eric, Eric lunged toward Officer Thalheimer. However, Officer Walters quickly interceded before Eric could attack Officer Thalheimer. After Eric's failed attempt to charge Officer Thalheimer, Officer Walters, who still had one handcuff on Eric, grabbed Eric's left arm into a "half-nelson head restraint." (Appellant's App. 12). Officer Walters then pressed Eric down to his knees. All the while, Eric tried to stand up but Officer Walters applied a wristlock, placed his knee in the middle of Eric's shoulder blades, and directed Eric to give his right hand. Finally, Eric agreed.

[8]     The following day, June 22, 2014, the State filed an Information charging Lynn with resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1(a)(1) (2013); and battery, a Class A misdemeanor, Ind. Code § 35-42-2-

1(a)(1)(b) (2012). On August 24, 2014, Lynn filed a pre-trial motion to suppress the evidence obtained by the officers during his arrest. In support of this motion, Lynn claimed that the challenged evidence should be suppressed because the police entry into his home was unlawful. On September 9, 2014, at the beginning of Lynn's bench trial, the trial court heard Lynn's motion. After receiving arguments from both parties, the trial court denied Lynn's motion, finding that Linhart resided in Lynn's home since January 2014, and Linhart had lawfully welcomed the officers into the home. The trial court then proceeded to Lynn's bench trial. At the conclusion of Lynn's bench trial, Lynn was found guilty as charged. The trial court sentenced Lynn to concurrent sentences of 365 days on each Count—four of which were executed—with 361 days on each Count suspended.

[9] Lynn now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[10] Lynn claims that there is insufficient evidence to sustain his Class A misdemeanor convictions for resisting law enforcement and battery. Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Perrey v. State*, 824 N.E.2d 372, 373 (Ind. Ct. App. 2005), *trans. denied*. We only consider the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. *Id*. Where there is substantial evidence of probative value to support the judgment, it will not be set aside. *Id*.

## A. *Resisting Law Enforcement*

[11] First, Lynn argues that there was insufficient evidence that he committed the crime of resisting law enforcement. "A person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer ... while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement . . . " I.C. § 35-44.1-3-1(a)(1) (2013). The term "forcibly" is a distinct element of the offense that modifies all three verbs "resists, obstructs, or interferes." *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013) (citing *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993)). Forcible resistance includes "at a minimum, some physical interaction with a law enforcement officer." *Macy v. State*, 9 N.E.3d 249, 253 (Ind. Ct. App. 2014). Forcible resistance may be said to occur when a "threatening gesture or movement . . . presents an imminent danger of bodily injury [to an officer]." *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013) (holding there was sufficient evidence of forcible resistance where defendant aggressively advanced toward a police officer with his fists clenched after being ordered to lay on the ground).

[12] In the present case, Linhart directed the officers inside Lynn's home to investigate a potential domestic abuse. Lynn was upset that the officers were inside his home, and he ordered them to leave. Despite Lynn's directive, the officers commanded Lynn to remain seated and quiet. When Lynn saw Officer Walters placing Eric in handcuffs, he became belligerent. At that point, Lynn stood up from the couch and yelled profanities at the officers. Lynn also tried to charge Officer Walters, but Officer Thalheimer tackled Lynn to a nearby

couch. Officer Thalheimer restrained Lynn on the couch. Repeatedly, Lynn attempted to free himself, and he told Officer Thalheimer to get off him. Lynn continued struggling with Officer Thalheimer and it caused them both to roll off onto the floor. Officer Thalheimer used his body weight to subdue Lynn and he successfully cuffed him.

[13] From the foregoing facts, we conclude that Lynn knowingly or intentionally forcibly resisted a law enforcement officer while the officer was lawfully engaged in the execution of the officer's duties—investigating the domestic disturbance and arresting Eric for battery. We therefore conclude that the evidence is sufficient to support Lynn's conviction for resisting law enforcement. Lynn's claim to the contrary amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Perrey*, 824 N.E.2d at 373.

## B. *Battery*

[14] Turning to his battery offense, the trial court convicted Lynn of battery as a Class A misdemeanor. Thus, the State's evidence had to show that Lynn knowingly or intentionally touched Officer Walters in a rude, insolent, or angry manner. *See* I.C. § 35-42-2-1(a)(1)(b)(2013). "A person engages in conduct knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). We note that touching, no matter how slight, may be a battery. *Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000). "Indeed, a person may commit the touching necessary for battery by

touching another's apparel because it is intimately connected with the person and is regarded as part of a person for purposes of the battery statute." *Id.*

[15] Lynn argues that his conviction for battery should be reversed because "the backslapping combined with the statement, 'have a nice night' takes this exchange outside the parameters of a criminal act." (Appellant's App. p. 8). We disagree. The record shows that after the officers refused to leave, Lynn walked close to Officer Walters, gave him two slaps on the back and told him to get out. In addition, there was testimony from both officers that Lynn was angry at the time. As a result, this evidence was sufficient for the trial court to infer that a battery occurred.

## CONCLUSION

[16] Based on the foregoing, we conclude that the State presented sufficient evidence to support Lynn's convictions for resisting law enforcement and battery.

[17] Affirmed.

[18] Bailey, J. and Barnes, J. concur