# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2015, 9:46 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Scott Knierim<br>Danville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Christina D. Pace<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Allen Moore, Jr.,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff.* | June 30, 2015<br><br>Court of Appeals Cause No.<br>32A04-1412-CR-577<br><br>Appeal from the Hendricks Superior Court.<br><br>The Honorable Stephanie Lemay-Luken, Judge.<br><br>Cause No. 32D05-1404-CM-363 |

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Allan Moore (Moore), appeals his conviction for indecent exposure, a Class C misdemeanor, Ind. Code § 35-45-4-1(e)(3) (2003).

[2] We affirm.

## ISSUE

[3] Moore raises one issues on appeal which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Moore's conviction.

## FACTS AND PROCEDURAL HISTORY

[4] At approximately 10:00 p.m. on April 10, 2014, Moore was seated in the living room of his trailer in Avon, Indiana. Moore's seat was directly facing the front door, the door was open, the lights were on and it was dark outside. Moore was having phone sex with his wife. Lindsay Rodriguez (Rodriguez) resided in the trailer next to Moore's, and her trailer was about twenty to thirty feet from Moore's trailer. On that day, while looking through her kitchen window, she clearly saw Moore masturbating. According to Rodriguez, Moore made eye contact with her and he continued to masturbate. Rodriguez immediately contacted the police.

[5] Sergeant David Margason (Sergeant Margason) of the Avon Police Department was sent to investigate. Sergeant Margason first questioned Rodriguez and then

proceeded to Moore's trailer for questioning. After he read Moore his *Miranda* rights, Moore admitted that he was masturbating but "he didn't think anyone could see him." (Tr. p. 18).

[6] On April 28, 2014, the State filed an Information charging Moore with indecent exposure, a Class C misdemeanor, I.C. §.35-45-4-1(e)(3) (2003). On November 25, 2014, the trial court held a bench trial. At his bench trial, Rodriguez stated that she glanced twice before shutting her window. (Tr. p. 10). Rodriguez believed that Moore had seen her and it seemed as if Moore "made eye contact" with her. (Tr. p. 10). Detective Steve Carroll (Detective Carroll), who took photographs of the crime scene, testified that there was a clear line of sight from Moore's front door to Rodriguez's kitchen window.

[7] Moore recounted a different version of events. Moore stated that Rodriguez was a nosy neighbor and was always peering through her kitchen window to look inside his trailer. Moore stated that because Rodriguez was a prying neighbor, he and his wife had bought a window air conditioning unit and had mounted it in the living room window to block her view. Moore stated that from Rodriguez's kitchen window, Rodriguez could not see his living room but only his kitchen floor. Moore further stated that on the day in question, as usual, Rodriguez's unleashed dogs were running wild on his front yard. Rodriguez was also out in his front yard had bent down to pet one of her dogs. Moore stated that when Rodriguez looked up and saw him masturbating, he "immediately jumped up and slammed the door in her face." (Tr. p. 25). Moore stated that Rodriguez was angry and he could "feel the thunder from her

slamming her front door when she got home." (Tr. p. 25). At the close of the evidence, the trial court found that the State had proved its case beyond a reasonable doubt, and found Moore guilty as charged. The trial court sentenced Moore to a fine of one dollar.

[8] Moore now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Sufficiency of the Evidence*

[9] Moore claims that there is insufficient evidence to sustain his conviction for indecent exposure. Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Perrey v. State*, 824 N.E.2d 372, 373 (Ind. Ct. App. 2005), *trans. denied*. We only consider the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. *Id*. Where there is substantial evidence of probative value to support the judgment, it will not be set aside. *Id*.

[10] To convict Moore of indecent exposure, a Class C misdemeanor, the State was required to prove beyond a reasonable doubt that (1) Moore (2) in a non-public place (3) with intent to be seen by persons other than invitees or occupants of his home (4) fondled his genitals (5) where he could be seen by other persons that were not invitees or occupants of his home. *See* Ind. Code § 35-45-4-1(e)

[11] Moore's main argument is that the State did present any evidence to show he had the intent to be seen, and that he should not be criminalized for masturbating in his own home. We note that intent is a mental state of the

actor, and as such, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to determine intent. *Stanley v. State*, 531 N.E.2d 484, 485 (Ind. 1988).

[12] At his bench trial, Moore testified that Rodriguez was a meddling neighbor. Moore also stated that he went through great lengths to block her view by mounting a window air conditioning unit in his living room window. Contrary to his argument, the pictures taken by Detective Carroll indicate that there was no window air conditioning unit. Nevertheless, Moore's door was open, he was seated in a chair facing the door, the lights inside his trailer were on and it was dark outside, and he was visible from Rodriguez's window while he masturbated. Moore's claim that he lacked intent and we should credit his version of events is nothing but an invitation for this court to reweigh the evidence, which we will not do. *See Perrey*, 824 N.E.2d at 373.

[13] In light of the evidence, we find that Moore's acts are not of a person who was trying to remain unseen, and that he intended to be seen by other persons— namely, Rodriguez—who Moore believed was constantly looking through her kitchen window at his trailer. We conclude that Moore had the intent to be seen by persons other than invitees or occupants of his home while he fondled his genitals, and we hold that is sufficient to support Moore's conviction for indecent exposure. *See* Ind. Code § 35-45-4-1(e).

## CONCLUSION

[14] Based on the foregoing, we conclude that the State presented sufficient evidence to support Moore's conviction for indecent exposure.

[15] Affirmed.

[16] Bailey, J. and Barnes, J. concur